31826.   LIBERTY MUTUAL INSURANCE CO. *et al. v.*
THROWER.

Decided December 5, 1947.

276

*Reese, Bennet & Gilbert,* for plaintiffs in error.

*A. A. Nathan, H. O. Farr,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ A part of § 114-503 of the Code provides as follows: "If the employee refuses to submit himself to or in any way obstructs such examination requested by and provided for by the employer, his right to compensation and his right to take or prosecute any proceedings under this Title shall be suspended until such refusal or objection ceases, *and no compensation shall at any time be payable for the period of suspension unless in the opinion of the Department of Industrial Relations the circumstances justify the refusal or obstruction.*" (Italics ours.) In *Zant v. U. S. Fidelity & Guaranty Co.,* 40 *Ga. App.* 38 (1) (148 S. E. 764), the following was held: "The power given by the workmen's compensation act to the industrial commission, to determine whether an injured employee's refusal to accept medical, hospital, or surgical service tendered him by the employer is justified, is not an arbitrary power, but is a power in its nature judicial, and can be exercised by the commission only after hearing and consideration of evidence."

It therefore follows that the Board of Workmen's Compensation, acting in its judicial capacity, must hear evidence and determine whether or not a failure of the claimant to submit, after notice of his employer, to a physician selected by his employer for a physical examination shall bar compensation. The board, acting in its proper capacity in the instant case, heard evidence on this subject. The evidence was that immediately upon be-

ing injured the claimant went to the plant's infirmary and was treated by a nurse from the day of his injury for a period of some two weeks, or until March 30, when he was discharged by his employer. Upon his discharge he, no longer having access to the plant's infirmary, immediately selected and procured a physician of his own choice who treated him some twenty times between April 2 and June 10. Although the employer, whose agents had full knowledge of his physical condition, had made several requests of the claimant that he report to its doctor for a physical examination, the claimant failed to do so until ordered by the board; and immediately after such order, he submitted to such examination. From these facts the director of the Board of Workmen's Compensation found that the rights of the employer were in no way impaired by the failure of the claimant to submit to such examination at an earlier date. This finding is authorized by the evidence. Certainly the condition of the claimant was in no way aggravated by his failure to report for such physical examination, it appearing that the doctor of his selection was well qualified and that his treatments were administered regularly.

■ The evidence is undisputed that, even though the claimant's injury has healed sufficiently, he has full use of his right shoulder. Nevertheless, the evidence is also undisputed that it is left in a tender condition, such that the carrying of a burden on the shoulder will have a tendency to reinjure it. Therefore it follows that the worker must in the future refrain from carrying burdens on that shoulder. Necessarily this condition impairs the efficiency of the worker to some extent. To what extent is a question of fact. The undisputed medical testimony in the record fixes this partial permanent disability at from 10 to 15 percent. The hearing director found 10 percent. This finding is supported by the evidence.

■ The motion to dismiss the bill of exceptions is denied. Noncompliance with Rule 21 of this court (Code, § 24-3621), with reference to failure to serve briefs on opposing counsel, has often been held by this court not to constitute cause for dismissing a writ of error, but is a matter for contempt. See many cases cited under § 24-3621 of the Code (Ann.), catchword "Noncompliance."

The judgment of the superior court which affirmed the award of the Board of Workmen's Compensation is not error for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*